ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER REGARDING THE APPLICATION OF OKLAHOMA'S NEPOTISM STATUTES TO A SITUATION WHERE A COUNTY COMMISSIONER SUPERVISES THE PERFORMANCE OF EMPLOYMENT RESPONSIBILITIES OF A PERSON RELATED TO THE COMMISSIONER WITHIN THE THIRD DEGREE. YOU SPECIFICALLY DESCRIBE A SITUATION WHERE THE EMPLOYEE WAS ALREADY EMPLOYED AT THE TIME THE COUNTY COMMISSIONER TOOK OFFICE. FIRST, ALTHOUGH YOUR LETTER DOES NOT SPECIFICALLY SAY SO, IT IS ASSUMED THAT THE EMPLOYEE IN QUESTION HOLDS A POSITION WHICH WOULD BE APPOINTED BY THE COUNTY COMMISSIONER, HAD THE EMPLOYMENT TAKEN PLACE SUBSEQUENT TO THE COMMISSIONER'S ELECTION. IN THAT INSTANCE, ALTHOUGH 21 O.S. 481 [21-481], WHICH FORBIDS THE APPOINTMENT OF A PERSON RELATED WITHIN THE THIRD DEGREE, MAY NO TECHNICALLY APPLY, 21 O.S. 482 [21-482] WHICH FORBIDS THE PAYMENT OUT OF ANY PUBLIC FUND OF THE SALARY, WAGES, PAY OR COMPENSATION OF PERSONS INELIGIBLE FOR APPOINTMENT UNDER 481, WOULD APPLY. A COPY OF THESE STATUTES IS ENCLOSED. MOREOVER, IN A.G. OPIN. NO. 72-202, YOUR QUESTIONS WERE SPECIFICALLY ANSWERED. THAT OPINION, A COPY OF WHICH IS ENCLOSED, MAKES CLEAR THAT THE CRITICAL FACTOR IN DETERMINING WHETHER AN EMPLOYEE MAY MAINTAIN HIS OR HER EMPLOYMENT WITHOUT VIOLATING THE NEPOTISM STATUTES IS WHETHER THE EMPLOYMENT IS OF A CONTINUOUS NATURE ("AT WILL") OR IS PURSUANT TO AN EMPLOYMENT CONTRACT. IF THE EMPLOYMENT IS MONTH TO MONTH, IT IS WELL SETTLED THAT, WITH RESPECT TO STATE AND COUNTY OFFICIALS, THE EMPLOYMENT MUST BE TERMINATED OR A VIOLATION OF THE NEPOTISM STATUTES WILL HAVE OCCURRED. IF THE EMPLOYMENT IS PURSUANT TO A CONTRACT PRIOR TO THE ELECTION OF THE RELATIVE IN QUESTION, THE RELATIVE MAY CONTINUE HIS OR HER EMPLOYMENT FOR THE CONTRACTUAL PERIOD. BECAUSE I BELIEVE A. G. OPIN. NO. 72-202 ANSWERS YOUR QUESTIONS, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. IF YOU HAVE ANY QUESTIONS IN THIS REGARD PLEASE FEEL FREE TO CONTACT ME. (EMPLOYEE AT WILL) (SUSAN BRIMER LOVING)